Good morning. I'm Doug Wilson on behalf of the United States. I'd like to reserve a couple minutes for rebuttal. This is a government appeal of a district court order finding that the defendant is eligible for relief under Section 3582, 18 U.S.C. 3582. Our argument is two parts. The first is that we do not believe that the, we believe that the district court clearly erred in finding that the defendant was eligible for relief under Section 3582. Can I ask, can I ask this? I mean, this strikes me as one of the most bizarre clear error determinations we're asked to review because the judge says I didn't, I never found him to be a career offender, right? And one would think that the judge herself would be in the best position to make that finding. How could we say that she was clearly erroneous in telling us what, in fact, she had done in that prior proceeding? I think the court has to, as the court does in many cases, it has to look at the transcript of the original sentencing and determine what the district court actually did at the original sentencing, that what it did. But can I just ask this? I mean, for, for us to rule in your favor, don't we just have to say to the judge that you, I don't know, that you lied, that you're badly mistaken about what you, in fact, did? That just strikes me as an odd thing for us to declare. The court committed clear error, yes. We would, we would submit that this court has to find that the district court committed clear error in finding that the defendant was a, was not a career offender in 2016, and that it found that the defendant was a career offender in 20, well, earlier on. So the parties, at some point anyway, had stipulated to him being a career offender. So is it even something the judge can find to disagree with that? I, well, yes, I believe so. I, I think that the court is, is free to find that the defendant is not a career offender. It can find that, for example, the, the offenses don't add up, the defendant's prior offenses don't add up to a career offender finding. But you, you are correct that in the plea agreement, the, the, and then again in sentencing, the defendant stipulated that he was a career offender. But it's not, it's not a matter of what she says. It's a matter of what the law requires. If the judge had expressed, expressly said, I don't think you're a career offender, but the law shows unequivocally that this person is a career offender, then your argument would still be it's clear error, right? Well, our argument to this court would still be it's clear error, but to be honest, we probably wouldn't take an appeal in that situation. In this, in that, if the, if the district court had said at the original sentencing, I don't find him to be a, a career offender, then we probably wouldn't be here today. But the district court did find at the original sentencing that the defendant was a career offender based on his stipulation, based on his plea agreement. And that is our position today, that the district court got it wrong when it, when it was confronted with the 3582 motion. So there's kind of an odd thing here because there's also originally an understanding that the drug involved was crack. But it seems like over time, everyone started assuming everything should be treated like the drug involved was cocaine. And I don't really understand how that, I understand that the judge disagreed with the crack cocaine disparity. But how all the parties sort of just started treating everything like it was cocaine is a little bit of a mystery to me. Well, I think it basically, it occurred between the, at the second sentencing here, between ER 92 and ER 96. The district court said, I'm not comfortable with the crack cocaine guidelines. And the prosecutor said, I'm paraphrasing it a little bit, but the prosecutor said, the defendant is still a career offender, so you should use the powder career offender guidelines and career offender guidelines. And that's what the district court used, the powder cocaine career offender guidelines. But are the crack guidelines, the guidelines that are actually applicable to this defendant? Yes, they are. They would be actually applicable. But, but has the government waived that at this point? We're not arguing that, that the defendant falls under the crack cocaine career offender guidelines, but we are arguing that he's a career offender, whether you look at the powder cocaine. But you could be arguing that he, that the crack guidelines are what's applicable, right? I don't quite understand. It's sort of the same thing as the career. I mean, the actual facts are that it was crack, I think. Well, yes, the actual facts are that it was crack. And the defendant was pleaded guilty to a crack cocaine offense and was found guilty of a crack cocaine offense. But the district court made it very clear that it wasn't going to use the crack cocaine guidelines. And I think the prosecutor immediately shifted to, okay, what about the powder cocaine guidelines? I don't know if it was the district court or the prosecutor, but somebody shifted immediately to the powder cocaine guidelines. I don't think the district court was comfortable with the sentence that the crack cocaine guidelines, the sentencing range that the crack cocaine guidelines would yield and therefore use the powder cocaine career offender guidelines. I want to come back and maybe I just misunderstood your answer. So in United States versus Brown, this court said that whether a defendant qualifies as a career offender is a question of law, not a matter of discretion. This defendant, let's assume, qualifies as a career offender as a matter of law. Then it doesn't matter, does it, whether the judge, as she seemed to say the first time around, found that he was a career offender or as she seemed to say the second time around, determined that it was not, the defendant was not a career offender. It's a question of whether or not the defendant was a career offender. That's correct, Your Honor. And if I misled the court before, I only meant to say that the government probably wouldn't be, would not appeal a district court's finding that the defendant wasn't a career offender because the government is pretty used to getting sentences below, in this district anyway, the district, the government is pretty used to getting sentences below career offender guidelines. But if this is before us, if, in fact, this defendant is a career offender as a matter of law, we can't pretend that it's, that that is not the law, can we? Yes, I believe that's correct. The guideline 4B1.1a sets forth what a career, what is a career offender and this defendant qualifies for. Unless you've waived the applicable to component of the argument and that's what your opponent says. So what's your response to that? Well, our response is twofold to that. The first is that no party has ever used this, used the analysis. Well, I should back up. First of all, the Supreme Court has granted cert to determine whether, in Hughes v. United States, to determine whether Davis is still good law, this Court's decision in Davis. And that may change the waterfront applicable to the first and second prongs. The Court is only, the Supreme Court is only looking at whether the Court correctly came down in Davis in looking at the plurality as opposed to Justice Sotomayor's decision. But it may more broadly decide that the, it may say something about the application of 3582. And so if this Court is inclined to see a waiver, then it should hold this case pending the Supreme Court's decision in Hughes, which will probably come down by the end of June. Our argument that we haven't waived it is twofold. First is no party raised this below. So no party thought that there were two prongs. No party thought that the question involved the second prong. The only question was whether the defendant was a career offender. And that's what everyone focused on, the defendant, the district court, the government, and probation. The second argument is that it is jurisdictional. This Court has repeatedly said that it is a jurisdictional finding. That is, the eligibility of the defendant for 3582 relief is jurisdictional. And jurisdictional arguments cannot be waived by the government or by any party. This Court has made that clear. So we think for two, those two reasons, this Court has not, or I'm sorry, the government has not waived the second prong, the applicable two prong. To go back a little bit. Kagan. Kagan. What about it being a pure legal question that's part of the argument you were making that this defendant wasn't eligible for resendencing? Whether it's a pure legal question? I mean, whether it's a, whether he's a career offender, I think Judge Rakoff was suggesting it's a legal question. It's a legal question that's a component of the argument you were making. So it seems you could be saying, well, there's no prejudice because it's a legal question that's part of the argument we were making. I believe that would cut in our favor as well. If the Court is inclined to see it as a pure legal question, then I think the government could, it could be raised on appeal and the Court would simply determine whether the defendant is a career offender or not. Why don't we hear from your opponent and then we'll, we have a little time for rebuttal. Good morning, Your Honors. Carmen Smerandoi on behalf of Mr. Gardner. I hope you can hear me okay. I would like to begin with addressing Judge Rakoff's question about whether the career offender, offender determination is an issue of law. And, Your Honor, while that issue, while that might be true, in the original sentencing context, I would like to emphasize that starting with the Supreme Court in Dillon, courts have said that drug resentencing proceedings under 3582 C2 are not plenary resentencings. And on that basis, this Court over and over again has rejected arguments by defendants trying to claim that the district court has, had initially erred when they found them to be career offenders. And this Court has said, and I think it has said many times, we do not reassess those kind of sentencing decisions. We are here in a separate context. So while the, while the issue whether Mr. Gardner was a career offender or not was indeed an issue of law, then that is by now something that we have to accept, whatever the court's decision was. But, but she said at the time that he was a career offender. And, Your Honor, I think that my brief does not deny that. My argument is this. Despite Mr. Gardner's being a career offender, Judge Wilkin has rejected as a matter of policy, both the crack cocaine guideline and the career offender guideline. Defense counsel in this case has argued that to, to her honor. And, you know, as a, But the problem is, what do we do with the comment? So 1B1.10 comment note 1A says that we have to look at the criminal history and determine it before consideration of any departure or variance. And you're saying this was either a departure or variance because she's departing or varying because of her disagreement with both aspects. But if we're supposed to look at it before those things, then how do we get to where you want to go? Well, Your Honor, you only look at that if you get to the applicable tool requirement. 1B1.10 and the, and the commentary go only to the second requirement. Yeah, I agree with that. But, but if we, if we think it's a legal question or we think they've generally raised the eligibility enough that the whole thing's before us, then I don't think you've really offered an argument for us to get around this applicable issue. I, I fully disagree that just saying that a defendant is ineligible suffices to actually preserve both eligibility requirements. This course, starting with Wesson, continuing with Pleasant, all the way through, has always treated the two requirements as distinct requirements subject to distinct analysis. The government, had the government headed toward its argument differently? Maybe. But what the government has said over and over again was Mr. Garner's sentence was not based on a guidance rate that was subsequently lowered. I will suggest to Your Honors that in any other case, if a, if any other party would so specifically limit their argument to one, one requirement of a two-part analysis, Your Honors would have no problem holding that the other not argued argument has been waived. And I don't see why the same rule should not apply here. I mean, we often treat it, though, as a claim for which there are different arguments. So often we say you can waive a claim, but not particular arguments. And they have challenged this eligibility. They, I agree with you, though, they have not made the right arguments. And why not is unclear. But there also was a fair amount of confusion in this proceeding, it seems. It is, it is very true. And I think Mr. Garner has done his very best being process to litigate this case. And I would like to point out, and I apologize, Your Honors actually don't have this in the record, but Mr. Garner was the one who brought to the district court's attention the on-bank Davis decision. It came out and Mr. Garner filed a supplemental brief saying, look, under the new Davis approach, under the new based on interpretation, my sentence was based on the powder cocaine non-career offender guideline. So the whole premise that everybody was laboring under this impression that all that matters is whether he was a career offender or not, it's actually not true. He was certainly very aware of the distinction of the two requirements. And I would point out in the court's 3582C2 order, the court clearly lays out the law, clearly identifies both requirements. Those two requirements apply in the career offender, when a defendant qualifies as a career offender, just like in any other case. And yes, Your Honor. No, I'm sorry. I didn't. I thought you were finished with that thought. I just, Judge Freeland put a question to you that I don't, I'm not sure I understood your response. Let's say that we're not persuaded by your argument that the applicable to component has been waived by the government. And so we conclude that for whatever reason, it's jurisdictional, it's a pure legal question. For whatever reason, it is properly before us. Do you then lose or do you have some argument that you nonetheless can overcome that? I would certainly, if Your Honors, for whatever reasons, would be inclined to excuse the government's waiver, I would request the opportunity to brief that issue. But is there anything you can say? What would you say if you brief this issue? I would say this, Your Honor, that this is a very unique situation where the district court, exercising its Kimbrough discretion, rejected both the powder cocaine guideline and the career offender guideline. I am personally unaware of any decision, certainly from this district, but I think from throughout the country, that has analyzed how the applicable to requirement actually works in that kind of special situation where district courts exercise their Kimbrough discretion. But how could it not be prohibited by the comment that I was reading earlier? Well, that's the question. The comment certainly doesn't seem to envision a Kimbrough situation. And this is the reason, in my opinion, this is a pretty complex issue that I do not feel that I can properly address without proper briefing, without, you know, thorough research, out of fairness to my client. Well, I appreciate that request, but I guess I'm a little struck by that. You certainly briefed, your brief was terrific in this case. You had, you knew that this was in play because you're the one who I think recognized early on, oh, my God, they might have waived the thing that might win the case for them. So you certainly were aware that this was going to be problematic. And why you didn't then, in the alternative, have an argument in your red brief, I'm not quite sure. Why would you get a second bite at the apple now? Because, Your Honor, I, Mr. Garner is the appellee. All that Mr. Garner has to do is defend the district court's order in light of the government's arguments. We – I'm not sure that I understand your question, but we do not have any obligation to offer further arguments why the district court was right. Our only obligation is to respond to the government's arguments in their opening brief, and their arguments were limited to the based-on-requirement. And I apologize. I was just not aware that I should brief an issue that was waived. Yeah, that's fair. I mean, I understand your point. It just seems now you – so you're – I guess my view is that you probably will lose if we find that the applicable to component is properly before us. And I guess you're saying that you think you might have something on the merits to say about that if we were to give you an opportunity to file another brief? Certainly, Your Honor. But I would emphasize again that the government did waive the applicable to requirement. The government has not made an argument before Your Honor, you know, asking that you excuse its waiver. So I am not quite sure why you would go to such great lengths, essentially, to litigate the applicable to requirement on behalf of the government. You know, fair or not, this is the pathway on which the government has put us. And I would respectfully request, in light of the government waive the applicable to requirement, and in light of the fact that Mr. Garner's sentence was based on the non-career offender powder guideline that you affirm the district court's order. Okay. Thank you. Thank you very much. You had a little bit of time left for rebuttal. I would just point the Court to the – this Court's decision in Wesson, which – in which it held specifically that a career offender does not get relief under the first based-on prong of the – of the guidelines or of the statute. So whether you take the first prong or the second prong, this Court has never – has always held that a career offender does not get any relief. And this Court has never ruled Wesson. So I think Wesson is still good law, and it disposes of this case if the government is found to have waived the argument that the applicable guidelines are the career offender guidelines. Okay. All right. Thank you very much. The case just argued will be submitted. We'll move to the third case on our calendar, which is United States v. Young.
judges: Watford, Friedland, Rakoff